## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| 8X8, INC. | |
| Plaintiff, | |
| v. | Civil Action No. _____ |
| ADAPTIVE NETWORKS, INC. and CERES COMMUNICATIONS TECHNOLOGIES, LLC., | DEMAND FOR JURY TRIAL |
| Defendants. | |

### PLAINTIFF'S ORIGINAL COMPLAINT

1. Plaintiff 8x8, Inc. ("8x8") for its Complaint against Adaptive Networks, Inc. ("Adaptive Networks") and Ceres Communications Technologies, LLC ("Ceres"), alleges based on its own knowledge with respect to its own actions and based upon information and belief with respect to all other actions, as follows:

### THE PARTIES

2. 8x8, Inc., (hereinafter "Plaintiff") is a Delaware corporation with a principal place of business at 810 West Maude Avenue, Sunnyvale, California 94085.

3. Plaintiff, as to the false marking claim, represents the United States and the public, including existing and future competitors of Ceres and Adaptive Networks.

4. On information and belief, Defendant Ceres is a Delaware limited liability company with a principal place of business at the residence address: 2961 Fontenay Road, Shaker Heights, Ohio 44120.

5.     On information and belief, Defendant Adaptive Networks is a Massachusetts corporation with a principal place of business at 123 Highland Avenue, Needham, Massachusetts 02494.

6.     On information and belief, each of Defendants Adaptive Networks and Ceres (collectively, "Defendants") conducts and transacts business in Texas, throughout the United States including California and Idaho, and within the Southern District of Texas itself and/or through one or more affiliates, business divisions, business units, or subsidiaries.

<u>JURISDICTION AND VENUE</u>

7.     The federal claim pleaded herein arises under 35 U.S.C. §292(b).

8.     Subject matter jurisdiction for this federal claim is conferred upon this Court by 28 U.S.C. §1338(a).

9.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1395(a), because: (i) Defendants' products and/or the products of others that are the subject matter of this cause of action are advertised, marked, offered for sale, and/or sold in various retail stores and/or on the Internet in this District; (ii) a substantial part of the events or omissions giving rise to the claim occurred in this District; and (iii) Defendants are subject to personal jurisdiction in this District, as described above.

10.     Plaintiff brings this action under 35 U.S.C. § 292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

<u>BACKGROUND</u>

11.     This is an action for false patent marking under Title 35, Section 292, of the United States Code related to: (a) products advertised and distributed by Defendant Adaptive Networks ("Defendants' products"); and (b) other products, including VoIP (Voice Over Internet

Protocol) products sold by Plaintiff 8x8 and its customers ("the products of others").

Defendants' products include equipment and related technology items (such as modules, chip

sets, kits and units) sold and/or distributed by Adaptive Networks under at least one of

PowerStream™, PowerConnect™, AN1000, AN192, and AN48, and related technology product

lines, *e.g.,* as described in an article advertised on Defendant Adaptive Network's website: "An

Overview of Adaptive Networks Technology," attached as Exh. A.

     12.     U.S. Patent No. 5,774,526 ("the '526 patent") was applied for and issued on

behalf of Defendant Adaptive Networks.  On information and belief, Defendant Ceres has

acquired and is the current assignee of the '526 patent, and has licensed the '526 patent to

Defendant Adaptive Networks through an implied or express license. A copy of the '526 patent

is attached as Exh. B.

     13.     Defendants cooperate and/or are responsible for product-related communications

including but not limited to marking-related conduct (such as publications and/or advertising) in

which the '526 patent is represented as being associated with and/or covering Defendants'

products and/or the products of others.  As an example of such marking-related conduct, based

on information and belief, Defendants intended to deceive the public by (physically) marking,

affixing to, and/or advertising the products with the said inapplicable patent by way of Defendant

Adaptive Networks article that describes the scope of the '526 patent as covering: "Various

identification models for connecting digital, non-telephone-wiring network devices to connected

devices on the telephone-wiring network," and "telephone services, including VoIP, whereby

any person can interface a telephone or other device on-demand to the non-telephone wired

network and receive telephone services" (Exh. A).

14.     The purpose of this lawsuit is to act in the public interest to enforce the policy underlying the false marking statute, 35 U.S.C. §292.

15.     Defendants have engaged in conduct that has caused product-related communications, including but not limited to publications, packaging, licensing efforts, sales and/or advertising, in which the '526 patent is represented as being associated with Defendants' products and/or the products of others ("Defendants' marking-related conduct").  An example of such communications is attached as Exh. A.  Other examples of such correspondence on behalf of at least one of Defendants, and alleging that the '526 patent covers the products of others (including VoIP phones sold by Plaintiff 8x8 through its customers, which have offices throughout the State of Texas and within this District).

16.     Each of Defendants is a sophisticated company employing or working with individuals who are intimately familiar with the U.S. Patent system.  At least one principal of each of Defendants is or works with and/or under advice of patent counsel familiar with patents, patent law and patent litigation.  Principals of Defendant Adaptive Networks are named inventors of the '526 patent and have been issued numerous U.S. Letters Patents.  On information and belief, at least one member of Defendant Ceres is a patent attorney (registered with the U.S. Patent & Trademark Office) who is familiar with patent law and patent litigation.

17.     By Defendants' marking-related conduct, at least one of Defendants have intended to lead the public, including Plaintiff 8x8 and its customers, to believe that the '526 patent covers Defendants' products and/or the products of others.

18.     Each system claim of the '526 patent is limited to a "controller" for controlling communications over a network, and is further limited to at least one other device in the form of a "network interface device" to connect with a "communication device at a user location".

19.     Each claim of the '526 patent is limited to a "controller" for providing functions necessary to implement the invention which is claimed.  For example, in each system claim of the '526 patent, the claimed "controller" is one part of the claim and the claimed "network interface device" is another part of the claim.

20.     The claimed "controller" is for providing certain functions necessary to implement the claimed system, and the system claim cannot cover a product that does not include the claimed controller.

21.     In the '526 patent specification, neither the claimed "controller" nor is any "assignment circuit" described in terms of any specific circuits or structures, from which corresponding specific structures could be identified as being present in Defendants' products, or in 8x8's VoIP phone, for the purpose of confirming coverage under 35 U.S.C. § 292.

22.     Before July 18, 1995, Defendant Adaptive Networks, through at least one of its principals or of the named inventors of the '526 patent, was familiar with implementation information that is more detailed than what was disclosed in the specification of the '526 patent at the time of filing (July 18, 1995).

23.     Before July 18, 1995, Defendant Adaptive Networks, through at least one of its principals or the named inventors of the '526 patent, was familiar with implementation information including a power line communication network (such as a local area network) that was adapted to send and communicate data over power lines, and was familiar with an apparatus that would facilitate communications over power lines by controlling communications over the power lines and from communication devices in the network.

24.     This above information, with which Defendant Adaptive Networks was familiar, is not disclosed in the specification of the '526 patent and is not cited in the prosecution file history of the '526 patent as being fully considered by a Patent Examiner.

25.     Defendant Adaptive Networks, through at least one of its principals or of the named inventors of the '526 patent, participated as an inventor or author, or otherwise contributed to, documents (including but not limited to news articles, technical publications and/or U.S. Letters patent) that were published before July 18, 1995 and that disclosed a method that is covered by at least the applied-for claim in the application for the '526 patent, including but not limited to the (originally-applied for) application claim 16.  Based on information and belief, information in these documents were material to the examination of the '526 patent but were omitted.

26.     Before July 18, 1995, Defendant Adaptive Networks:  specially designed and/or patented and/or was in the process of designing equipment (e.g., circuits and modules whether or not programmed) adapted for controlling power line data communication by devices in local area networks; was familiar with the efforts of others (including direct competitors) who published descriptions of methods, circuits and equipment to facilitate control functions for effective communication by devices in local area networks; and apart from functionally describing a box referred to as a "controller" as illustrated the '526 patent, did not provide a written disclosure of details regarding how the claimed "controller" would be implemented and, based on information and belief, this information was material to the examination of the patent but was omitted.

27.     Neither the prosecution history nor the specification of the '526 patent expressly discusses or refers to communicatively-networked VoIP (Voice over Internet Protocol) telephone devices. The applicant for the '526 patent (including one or more of its inventors or USPTO

representatives) did not disclose any prior art that describes communicatively-networked VoIP telephone devices to the USPTO as part of the applicant's duty to disclose.

28.     Before July 18, 1995, Defendant Adaptive Networks (through one or more principals thereof) had produced and/or published documents that explained, and/or sold equipment for networked communications that performed, power-line communication for sending and controlling data communication by devices interfacing to a common power line in a local area network; wherein Defendant Adaptive Networks' chip sets, programmed processor circuits and/or modules were described or implemented to facilitate and control the communication in the network.

29.     Defendant Adaptive Networks has advertised that equipment (such as chip sets, programmed processor circuits and/or modules) are implemented to facilitate and control data communication over a power line network, and that such equipment are covered by the '526 patent, even though the '526 patent does not describe any structure resembling such equipment. Defendant Adaptive Networks (through one or more principals/inventors) had been aware of the fact that many of its customers were using such equipment to facilitate and control data communication over a power line network, and that information describing this equipment was not disclosed to the USPTO as part of the specification for the '526 patent and/or as part of the duty to disclose.

30.     In violation of 35 U.S.C. § 292(a) and by representing and advertising that unpatented articles are protected under the '526 patent, based on information and belief, at least one of Defendants intended to deceive the public. More specifically, Defendants, with the purpose of deceiving the public, represent or have represented (through marking, packaging, sales, licensing efforts and/or advertisement) that the '526 patent covers one or more of the

following products; these are Defendants' products and the products of others, as identified above.

31.     Defendants marked unpatented products (e.g., by advertising and/or packaging products) that bear the word "patent" and/or any word or number importing that the product is patented.

32.     The marking and false marking statutes exist to give the public notice of patent rights.  Acts of false marking can: deter innovation and stifle competition in the marketplace; cause potential competitors to be dissuaded from entering the same market; deter scientific research when an engineer/inventor sees a mark and decides to forego continued research to avoid possible infringement assertions; cause unnecessary investment in costs incurred to analyze and/or defend against the validity or enforceability of a patent whose number has been marked upon (associated with) a competitive product; can mislead the public into believing that a patentee controls an article in question (as well as like articles); can place burdens on the public rather than the manufacturer or seller of the article and thereby increase the costs to the public of ascertaining whether a patentee in fact controls the intellectual property embodied in an article. Defendants' marking-related conduct, as set forth above, constitutes false marking under the relevant statute and has caused and/or resulted in one of more of the above situations.

33.     The false marking statute explicitly permits *qui tam* actions. By permitting members of the public to sue on behalf of the government, Congress allows individuals to help control false marking.

34.     Defendants did not have, and could not have had, a reasonable belief that its products were properly marked.

35.   Defendants have known that the '526 patent has a specific claim scope and that the patent confers no rights outside this scope.

36.   Defendants' false marking of the products has wrongfully quelled competition with respect to such products thereby causing harm to Plaintiff, the United States, and the public.

37.   Defendants' marking-related conduct, as set forth above, constitutes false marking under the relevant statute and Defendants have thereby wrongfully and illegally advertised patent coverage and/or monopolies and, as a result, have benefited financially and competitively at least by causing Plaintiff and others significant costs in terms of time and money in evaluating and defending against likely and/or active assertions ensuing from such false marking.

38.   Defendants cannot have any reasonable belief that products (Defendants' products and/or the products of others) advertised as being covered or protected by the '526 patent, actually are covered or so protected according to United States patent laws, especially in light of Defendants' advertising efforts, and/or Defendants attempts to license (including but not limited to the District of Delaware Complaint).  This behavior includes, but is not limited to, Defendants efforts to advertise and/or allege that the '526 patent covers certain 8x8 VoIP phones and uses of such phones irrespective of whether such phones and uses would be including (or using)the controller which is found in every patent claim of the '526 patent.

39.   Defendants knew or reasonably should have known that the products were not covered by the '526 patent when the products were marked and/or advertised as being covered thereby.  On information and belief, this would support a finding of multiple occurrences of Defendants' marking-related conduct as constituting false marking under the relevant statute.

40.   Relative to each of Defendants' marking-related conduct as set forth above, Plaintiff (on its own behalf and on behalf of the United States) seeks an award of monetary

damages of not more than $500 for each of Defendants' violations of 35 U.S.C. § 292(a), one-half of which shall be paid to the United States, pursuant to 35 U.S.C. § 292(b).

## COUNT I

### (False Marking with Inapplicable Patents)

41.     Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

42.     Defendants falsely marked, affixed to, and/or used in advertising the products with the '526 patent, which is inapplicable to the Defendants' products and/or the products of others.

43.     Defendants knew or reasonably should have known that marking (including, but not limited to, affixing to and/or using in advertising) Defendants' products and/or the products of others, with the '526 patent, was in violation of 35 U.S.C. § 292 which has only authorized marking on "patented" articles.

44.     Defendants intended to deceive the public by marking Defendants' products and/or the products of others with the '526 patent, which includes using and making reference to the '526 patent in advertising materials for such products directed and available to the general public.  Among various other entities affected by this action, Plaintiff 8x8 has been harmed by Defendants' marking-related conduct, which is the false marking.

## COUNT II

### (Deceptive Trade Practices and Unfair Competition under the Laws and Common Law of the State of Texas)

45.     Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

46. Defendants' conduct as described above, including deceptive advertising in which the '526 patent is portrayed as being associated with Defendants' products and/or covering the products of others, violates section 17.12 of the Texas Business and Commerce Code.

47. Defendants' conduct, as described above, constitutes unfair competition under the common law of Texas in that it interferes with Plaintiff's ability to do business in at least the following ways:

   a. Defendants have caused confusion by falsely advertising the '526 patent as being associated with Defendants' products and/or covering the products of others;

   b. Defendants have caused confusion by falsely representing that certain of its products are associated with the '526 patent and/or that the '526 patent covers the products of others; and

   c. Defendants have caused confusion by advertising its products with intent to not sell them as advertised.

Defendants' conduct likely does and would continue to confuse the public.

48. All conditions precedent to the claims and causes of action alleged herein have occurred or been satisfied.

## DAMAGES

49. Plaintiff, on its own behalf and on behalf of the United States, seeks an award of monetary damages of not more than $500 for each of Defendant's violations of 35 U.S.C. § 292(a), one-half of which shall be paid to the United States, pursuant to 35 U.S.C. § 292(b).

50. Plaintiff, on its own behalf, seeks an award of monetary damages in excess of the minimum jurisdiction limits of this Court.

## JURY DEMAND

51. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

52.   Plaintiff requests that the Court:

a.   Enter judgment against Defendants and in favor of Plaintiff for the violations alleged in this Complaint, pursuant to 35 U.S.C. § 292;

b.   Enter judgment against Defendants and in favor of Plaintiff for the violations and wrongful conduct alleged in this Complaint, pursuant to the laws of the State of Texas;

c.   Order Defendants to pay a civil monetary fine of $500 per false marking "offense," one-half of which shall be paid to the United States and one-half of which shall be paid to Plaintiff, pursuant to 35 U.S.C. § 292;

d.   Order Defendants to pay a civil monetary fine and/or damages adequate to compensate Plaintiff for the injury and harm caused by Defendants' violations of the laws of the State of Texas;

e.   Enter a judgment and order requiring Defendants to pay Plaintiff's prejudgment and post-judgment interest on the damages awarded, pursuant to 35 U.S.C. § 292 and to the laws of the State of Texas;

f.   Order Defendants to pay Plaintiff's costs and attorney fees; and

g.  Grant Plaintiff such other and further relief as it may deem just and equitable.

Respectfully Submitted,

/s/  *Kenneth R. Breitbeil*
Kenneth R. Breitbeil
S.D. Tex. Admission No.:  1073
State Bar No. 02947690
K. Greg Eidman
State Bar No. 06498300
MCFALL, BREITBEIL & SMITH, P.C.
1250 Four Houston Center
1331 Lamar Street
Houston, Texas 77010-3027
Tel: 713-590-9330
Fax: 713-590-9399
kbreitbeil@mcfall-law.com

ATTORNEYS FOR PLAINTIFF
8X8, INC.


Of Counsel:

Robert J. Crawford
CRAWFORD MAUNU PLLC
1150 Northland Drive, Suite 100
Saint Paul, MN 55120
Ph. (651)686-6633
Fax (651)686-7111
bcrawford@ip-firm.com